IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CUSTOM BLENDING AND
PACKAGING OF ST. LOUIS, LLC,

**Plaintiff,**

v.

STEVEN MOSER, JR.,
STEVEN MOSER, SR.,
DAC INDUSTRIES, INC.,
and DAC AEROSOL & LIQUID
FILL, INC.,

**Defendants.**                                        No. 08-0592-DRH

## ORDER

**HERNDON, Chief Judge:**

This sua sponte Order is triggered by the Court's initial review of the complaint.[1] The Court notes that the complaint does not properly plead subject matter jurisdiction, namely the citizenship of the respective parties.[2]

Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997)**. "The

---

[1]This Court always undertakes a review of newly-filed complaints; ***see Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)**: The first thing a federal judge should do when a complaint is filed is check to see that federal question jurisdiction is properly alleged.

[2]Section 1332 requires complete diversity and an amount in controversy greater than $75,000. A review of the pleadings shows that the allegations regarding the amount in controversy are sufficient. However, the allegations regarding citizenship are insufficient to establish that subject matter jurisdiction exists.

citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." **Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases);** *see also* ***Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n. 1 (7th Cir. 2004)(citing *Belleville Catering Co. v. Champaign Market Place, LLC.*, 250 F.3d 691, 692 (7th Cir. 2003))**. In determining the existence of diversity jurisdiction, courts look to the citizenship of all partners or investors in a partnership or limited liability company. ***Lear Corporation v. Johnson Electric Holdings Limited*, 353 F.3d 580, 582 (7th Cir. 2003)**. Here, the allegations regarding Custom Blending and Packaging of St. Louis, LLC's citizenship are insufficient to confer diversity jurisdiction.

Further, the allegations regarding Defendants Moser Jr. and Sr. are also insufficient. The complaint merely contains their addresses in the state of Missouri and alleges that they are residents of the state of Missouri which is improper. **See *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) ("It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.' "); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (in a diversity action, "when the parties allege residence but not citizenship, the only proper**

**step is to dismiss the litigation for want of jurisdiction.")**. In addition, the allegations regarding DAC Industries, Inc. and DAC Aerosol & Liquid Fill, Inc. are deficient in that they fail to allege the principal places of business. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." **28 U.S.C. § 1332(c)(1)**.

Thus, the Court **DISMISSES without prejudice** Plaintiff's complaint for failure to properly plead and establish subject matter jurisdiction. The Court **ALLOWS** Plaintiff up to and including September 12, 2008 to file an amended complaint that comports with this Order. If Plaintiff fails to file the Amended Complaint by September 12, 2008, the Court will close the file.

**IT IS SO ORDERED.**

Signed this 28th day of August, 2008.

/s/ *David R Herndon*

**Chief Judge**
**United States District Court**