IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CUSTOM BLENDING AND
PACKAGING OF ST. LOUIS, LLC,

**Plaintiff,**

v.

STEVEN MOSER, JR.,
STEVEN MOSER, SR.,
DAC INDUSTRIES, INC.,
and DAC AEROSOL & LIQUID
FILL, INC.,

**Defendants.**                                                        No. 08-0592-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court are three motions to dismiss filed by Defendants (Docs. 14, 19 & 21). Plaintiff filed a joint response to all of the motions (Doc. 29). Based on the following, the Court grants in part and denies in part Defendants DAC Industries, Inc. and DAC Aerosol & Liquid Fill, Inc.'s motion to dismiss (Doc. 14); the Court denies Defendant Steven Moser, Jr.'s motion to dismiss (Doc. 19); and the Court grants in part and denies in part Defendant Steven Moser, Sr.'s motion to dismiss (Doc. 21).

On August 18, 2009, Custom Blending and Packaging of St. Louis, LLC ("Custom Blending") filed suit against Steven Moser, Jr., Steven Moser, Sr., DAC

Industries, Inc. ("DAC, Inc.") and DAC Aerosol & Liquid Fill, Inc. ("DAC Aerosol") (Doc. 1). On August 28, 2008, the Court dismissed without prejudice Custom Blending's complaint with leave to amend to address/cure the deficiencies the Court found when it conducted its routine jurisdictional review (Doc. 3). Thereafter, on September 5, 2008, Custom Blending filed its Amended Complaint (Doc. 4). The Amended Complaint contains seven counts: Count I - breach of fiduciary duty; Count II - defamation; Count III - tortious interference with business expectancy; Count IV - tortious interference with contract; Count V - violation of the Illinois Trade Secrets Act ("ITSA"); Count VI - Conspiracy - Civil; and Count VII - injunctive relief.

## II. Motion to Dismiss Standard

When ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under Federal Rule of Civil Procedure 8. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**. In 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)**. In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a

formulaic recitation of the elements of a cause of action will not do ...." **Id. at 1964-65 (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986))**. The Seventh Circuit has read the **Bell Atlantic** decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

**E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted)**.

In **Tamayo v. Blagojevich**, the Seventh Circuit emphasized that even though **Bell Atlantic** "retooled federal pleading standards" and "retired the oft-quoted *Conley* formulation," notice pleading is still all that is required. **526 F.3d 1074, 1083 (7th Cir. 2008).** "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." **Id.; Accord Pugh v. Tribune Co., 521 F.3d 686, 699 (7th Cir. 2008)( "surviving a Rule 12(b)(6) motion requires more than labels and conclusions"; the allegations "must be enough to raise a right to relief above the speculative level")**.

In making this assessment, the District Court accepts as true all well-

pled factual allegations and draws all reasonable inferences in plaintiff's favor. ***Tricontinental Industries, Inc., Ltd. v. Price WaterhouseCoopers, LLP,* 475 F.3d 824, 833 (7th Cir.), cert. denied, --- U.S. ----, 128 S.Ct. 357, 169 L.Ed.2d 34 (2007)**; ***Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006)**; ***Corcoran v. Chicago Park* District, 875 F.2d 609, 611 (7th Cir. 1989)**.

### III. Analysis

**Count I – Breach of Fiduciary Duty**

Under Illinois law a cause of action for breach of fiduciary duty "must allege that (1) a fiduciary duty exists; (2) the fiduciary duty was breached; and (3) such breach proximately caused the injury of which the plaintiff complains." ***Cwikla v. Sheir,* 801 N.E.2d 1103, 1111 (Ill. App. 2003); *Prime Leasing, Inc. v. Kendig,* 773 N.E.2d 84, 96 (Ill. App. 2002).**

Defendants DAC, Inc., DAC Aerosol, and Moser, Sr. all move to dismiss this Count. First, Defendants DAC, Inc. and DAC Aerosol argue that the pleadings do not contain allegations of breach of fiduciary duty by them. In response Custom Blending acknowledges that it has not stated claims of breach of fiduciary duty against these Defendants. Thus, the Court grants this portion of the motion to dismiss and dismisses Count I against DAC, Inc. and DAC Aerosol.

Next, Defendant Moser, Sr. argues Custom Blending failed to allege demonstrable activity on his part before the termination of his employment in December 2007. He further argues that because he did not owe a duty to Custom

Blending during the time of the alleged breach, he could not have committed a breach of fiduciary duty. Custom Blending contends that it has stated a cause of action for breach of fiduciary duty against Moser, Sr. The Court agrees with Custom Blending. In Count I, Custom Blending alleges that "Moser, Sr. while employed by CBP in a fiduciary position of trust violated said trust by using CBP Confidential Information for their own benefit, and the benefit of the competing business DAC, …" (Doc. 4, p. 6). Further, the Amended Complaint alleges that while a fiduciary in a position of trust Moser, Sr. had access to CBP Confidential Information that Moser, Sr. is currently using to solicit and service former customers of CBP on behalf of DAC and DAC Aerosol. Moreover, the Amended Complaint alleges that Moser, Sr. demanded a pay raise of $150,000 a year; that he spoke to DAC, Inc.'s president Dennis Litz to inform his that he was leaving Custom Blending and that Litz was very upset that Moser, Sr. was leaving and that Litz then told Custom Blending that he was not aware that Moser, Sr. was leaving Custom Blending. Lastly, the Amended Complaint alleges that Moser, Sr. is now working for Litz at DAC Aerosol, a competing company formed by the Mosers and DAC, Inc. The Court finds that Custom Blending has stated sufficient facts against Moser, Sr. to state a cause of action for breach of fiduciary duty, thus, the Court denies the motion.

**Count II – Defamation**

Defendants DAC, Inc., DAC Aerosol and Moser, Sr. all move to dismiss

Count II arguing that the pleadings do not contain any allegations of defamatory statements made by them. In response Custom Blending acknowledges that it has not stated claims of defamation against these Defendants. Thus, the Court grants this portion of the respective motions to dismiss and dismisses Count II against DAC, Inc., DAC Aerosol and Moser, Sr. Count II remains pending as to Moser, Jr.

**Count III – Tortious Interference with Business Expectancy**

To establish this claim Custom Blending must show (1) its reasonable expectation of entering into a valid business relationship; (2) defendants' knowledge of its expectancy; (3) purposeful interference by the defendants preventing its expectancy from being fulfilled; and (4) damages resulting from such interference. ***Burrell v. City of Mattoon,* 378 F.3d 642, 652 (7th Cir. 2004) (citations omitted)**.

All four Defendants move to dismiss Count III arguing that Custom Blending has not alleged facts to support a claim for tortious interference with business expectancy against any of them. In response to DAC Aerosol's arguments, Custom Blending acknowledges that it has not made this claim against DAC Aerosol. Thus, the Court grants this portion of the motion to dismiss and dismisses Count III against DAC Aerosol.

As to the other three Defendants' arguments, the Court finds that Custom Blending has stated a cause of action. Custom Blending has alleged that it had a reasonable expectation of continuing business relationships with the Mosers

as well as with DAC, Inc. Count III alleges that it had a long term business relationship with DAC, Inc. and that it employed the Mosers who both worked on the DAC, Inc.'s accounts. Count III also alleges that DAC, Inc. interfered with Custom Blending's relationship with the market as a whole and with the Mosers by hiring each of them upon their termination of employment with Custom Blending after ordering ,through the Mosers, volumes of product that DAC, Inc. refuses to purchase. Additionally, Count III alleges that the Mosers interfered with Custom Blending's business expectancy by creating product for DAC, Inc. that DAC, Inc. refuses to purchase and by eliminating any future business with DAC, Inc. Further, Count III alleges that Litz is the president of both DAC, Inc. and DAC Aerosol and that DAC Aerosol employs the Mosers and competes with Custom Blending. It also alleges that the Mosers had access to Custom Blending Confidential Information and were responsible for ordering and preparing product for DAC, Inc. while at Custom Blending. Count III alleges that Custom Blending has been injured and continues to be injured by each of the Defendants' actions. Thus, the Court denies this portion of the motions to dismiss.

**Count IV – Tortious Interference with Contract**

Under Illinois law, the elements of tortious interference with contractual relations are: (1) a valid contract, (2) defendant's awareness of the contract, (3) defendant's intentional inducement of breach of the contract, (4) subsequent breach of the contract, and (5) damages. ***Burrell,* 378 F.3d at 651.**

Defendants DAC, Inc., DAC Aerosol and Moser, Sr. move to dismiss Count IV arguing that Custom Blending has failed to state a cause of action against any of them. Based on the allegations, the Court finds that the allegations as to Moser, Sr. survive dismissal but the allegations as to DAC, Inc. and DAC Aerosol do not. As to Moser, Sr., the Amended Complaint alleges that his conduct regarding Custom Blending's relationship with DAC, Inc. was tortious and malicious and that it was calculated to interrupt its ability to maintain a business relationship with other customers as well. Further, the Amended Complaint alleges that by causing DAC, Inc. to stop purchasing product that Maser, Jr. had procured and produced pursuant to an order from DAC, Inc. Moser, Sr. interfered with the business agreement between Custom Blending and DAC, Inc. As to the allegations regarding DAC, Inc. and DAC Aerosol, the Court finds that they are insufficient to state a cause of action for tortious interference with contract. Thus, the Court denies this portion of Moser, Sr.'s motion to dismiss and grants this portion of Defendants DAC, Inc. and DAC Aerosol's motion to dismiss. The Court allows Custom Blending leave to amend this count as to Defendants DAC, Inc. and DAC Aerosol.

**Count V – Violation of Illinois Trade Secrets Act**

The ITSA protects information that is sufficiently secret to yield economic value by virtue of its nondisclosure to persons who could gain value from that information and that is subject to reasonable efforts to keep it secret or confidential. **765 ILCS 1065/2**. To state a claim for misappropriation under the

ITSA, a plaintiff must show that: (1) it has a trade secret; (2) defendant misappropriated the trade secret; and (3) defendant used the trade secret for business purposes. **See Composite Marine Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1265-66 (7th Cir. 1992)**. Misappropriation of a trade secret occurs when a person acquires a trade secret by improper means or discloses a trade secret in breach of a duty of confidentiality. **See American Antenna Corp. v. Amperex Electronic Corp., 546 N.E.2d 41, 44 (Ill. App. 1989)**. Improper means includes acquisition by a person who knows or has reason to know that a trade secret was obtained in breach of a confidential relationship. **See 765 ILCS 1065/2(a)-(b)**.

Defendants DAC, Inc., DAC Aerosol and Moser, Sr., move to dismiss this count. First, Defendants DAC, Inc. and DAC Aerosol argue that the pleadings contain no allegations of violation of the ITSA against them. In response Custom Blending acknowledges that it has not filed a violation of Illinois Trade Secrets Act as to Defendants DAC, Inc. and DAC Aerosol. Thus, the Court grants this portion of the motion to dismiss and dismisses Count V against DAC, Inc. and DAC Aerosol.

Next, Moser, Sr. argues that Custom Blending fails to allege any conduct by him that constitutes a violation of the ITSA. The Court disagrees. First, Count V alleges that CBP Confidential Information is a trade secret. Thereafter, Count V alleges as to Moser's conduct that "Moser Jr. and Moser Sr. have misappropriated

CDP Confidential Information in violation of the Illinois Trade Secrets Act, 735 ILCS § 1065 et seq., when they used said CDP Confidential Information for the furtherance of a competing business without CDP's authorization and to the detriment of CDP. DAC ALF, Moser Jr., and Moser Sr. continue to use CDP Confidential Information to solicit CDP customers." (Doc. 4, ps. 9-10). Based on these allegations, Custom Blending has stated a cause of action against Moser, Sr. Thus, the Court denies this portion of Moser, Sr.'s motion to dismiss.

**Count VI – Civil Conspiracy**

To succeed in a claim of civil conspiracy under Illinois law, Custom Blending must eventually establish: (1) an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means; and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused an injury to the plaintiff. ***See McClure v. Owens Corning Fiberglas Corp.,* 720 N.E.2d 242, 258 (Ill. 1999)**. "The agreement is a necessary and important element of this cause of action." ***Id.* (internal quotations omitted)**. "A defendant who innocently performs an act which happens to fortuitously further the tortious purpose of another is not liable under the theory of civil conspiracy." ***Adcock v. Brakegate,* 645 N.E.2d 888, 894 (Ill. 1994)**.

All four Defendants move to dismiss Count VI arguing that Custom Blending's pleading amounts to nothing more than a bare allegation of the existence

of a conspiracy, that Custom Blending offers blanket statements and offers no proof of the elements required to prove civil conspiracy. Custom Blending argues that it has alleged essential facts to support the civil conspiracy claims against each of the Defendants. The Court agrees with Custom Blending.

Here, Custom Blending alleges that Defendants agreed to destroy its business and that Defendants actions were unlawful as they were based upon its Confidential Information which was obtained and used without its permission and to the detriment of Custom Blending. Custom Blending alleges, *inter alia*, that in December 2007, Moser, Sr. left Custom Blending and at that time began working with Moser, Jr., and DAC, Inc. to create a competing business. Moser, Sr. is currently employed by DAC, Inc. as the CEO of the Sullivan, Missouri operations. Custom Blending also alleges that Moser, Jr. while employed by Custom Blending formed the intent and did start the competing business, DAC Aerosol, along with Moser, Sr. and DAC, Inc. The Amended Complaint also alleges that they targeted Custom Blending's customers. At the time Moser, Jr. was working for the new competing company, he was still working at Custom Blending and drawing a salary from Custom Blending. The Amended Complaint also alleges that Moser, Jr. utilized Custom Blending's computers to correspond with current and prospective customers and vendors of Custom Blending while holding himself out as Vice President of DAC Aerosol. (Doc. 4, p. 4). It also alleges that he took with him Custom Blending Confidential Information. Further, Moser, Jr., made arrangements for DAC Aerosol

To provide products previously provided by Custom Blending to Custom Blending's customers, including DAC, Inc. and prepared correspondence on Custom Blending computers all the while holding himself out as the Vice President of the new business, a subsidiary or division of DAC, Inc. (Doc. 4, p. 4). Based on these allegations, the Court finds that Custom Blending's civil conspiracy claim survives dismissal. The Court denies this portion of the motions to dismiss.

**Count VII – Injunctive Relief**

Lastly, the Mosers move to dismiss Custom Blending's Count VII – injunctive relief claim. The Mosers argue that Custom Blending merely offers blanket statements and offers no proof of the elements required. Custom Blending counters that it possesses a right to preserve its trade secrets and a right to preserve information and impart it to a fiduciary, so it is not used by said fiduciary for the benefit of a competing business. The Court agrees. Custom Blending essentially alleges that the Defendants' conduct has resulted and will continue to result in the use of confidential information to compete with Custom Blending and harm Custom Blending's business by providing similar or identical services to the customers known to the Mosers while employed by Custom Blending. It also alleges that the continued refusal of DAC, Inc. to purchase the product ordered by Moser, Jr. for DAC, Inc. has harmed and will continue to harm it. Custom Blending alleges that this damage cannot be remedied by money damages alone. While these remedies are extraordinary and imposed at the discretion of the court, this conduct as alleged by

Custom Blending may call for an equitable remedy. ***See Cross Wood Products, Inc. v. Suter,* 422 N.E.2d 953 (Ill. App. 1981) (holding that an injunction to prohibit employee from soliciting former employer's customers was necessary because harm to employer's competitive advantage could not be measured in money damages alone**). Thus, the Court cannot determine, for the purposes of a motion to dismiss, that Custom Blending cannot prevail on these claims for equitable relief.

### IV. Conclusion

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants DAC Industries, Inc. and DAC Aerosol & Liquid Fill, Inc.'s motion to dismiss (Doc. 14). The Court **DISMISSES** Counts I, II, IV and V against DAC, Inc. and Counts I, II, III, IV and V against DAC Aerosol & Liquid Fill, Inc. The Court **DENIES** Steven Moser, Jr.'s motion to dismiss (Doc. 19). The Court **GRANTS in part** and **DENIES in part** Defendant Steven Moser, Sr.'s motion to dismiss (Doc. 21). The Court **DISMISSES** Count II against Steven Moser, Sr. Lastly, the Court **ALLOWS** Custom Blending up to and including April 29, 2009 to file an amended complaint that comports with this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court. Custom Blending shall designate and divide the remaining claims as to each separate defendant into separate counts.

**IT IS SO ORDERED.**

Signed this 15th day of April, 2009.

/s/     David R Herndon

**Chief Judge**
**United States District Court**